WHITE, Appellant,

v.

FEDERAL RESERVE BANK, Appellee.*

[Cite as *White v. Fed. Res. Bank* (1995), 103 Ohio App.3d 534.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67078.

Decided May 18, 1995.

_____

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1995), 74 Ohio St.3d 1416, 655 N.E.2d 737.

*Gaines & Stern Co., L.P.A., David Roloff* and *Wally Mueller,* for appellant.

*Squire, Sanders & Dempsey, Ronald J. James, Valeri Furst* and *Brian A. Paton,* for appellee.

---

PATRICIA ANN BLACKMON, Judge.

Robert E. White, plaintiff-appellant, appeals from the trial court's granting of summary judgment to the Federal Reserve Bank, defendant-appellee. White assigns the following error for our review:

"The trial court erred in granting the bank's motion for summary judgment on White's state law handicap discrimination claim."

Having reviewed the record of the proceedings and the legal arguments presented by the parties, we reverse the decision of the trial court. The apposite facts follow.

Robert E. White was employed by the Federal Reserve Bank in 1972. On January 9, 1992, White was appointed Assistant Vice President and Assistant General Auditor of the Federal Reserve Bank of Cleveland. During that year, White's poor health prevented him from reporting to work. On June 11, 1992, White was terminated for failure to provide documentation of his medical condition since April 20, 1992.

White filed a complaint in the Court of Common Pleas of Cuyahoga County, alleging handicap discrimination against his employer, the Federal Reserve Bank, in violation of R.C. 4112.99. The Federal Reserve Bank moved to dismiss the action and argued that Ohio law employment claims were preempted by federal law. The motion to dismiss was converted to a motion for summary judgment. The motion was granted and this appeal followed.

The standard of review for an appeal from summary judgment is plenary. This court applies the same test as the trial court, which is set forth in Civ.R. 56, and we evaluate the record according to Civ.R. 56. Civ.R. 56 specifically provides that before summary judgment may be granted it must be determined that:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

■ Moreover, it is well settled that the party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 330, 106 S.Ct. 2548, 2556, 91 L.Ed.2d 265, 278; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801. Doubts must be resolved in favor of the nonmovant. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 358–359, 604 N.E.2d 138, 140. Under Civ.R. 56(E), "a nonmovant may not rest on the mere allegations or denials of his pleading but must set forth specific facts showing there is a genuine issue for trial." *Chaney v. Clark Cty. Agricultural Soc.* (1993), 90 Ohio App.3d 421, 424, 629 N.E.2d 513, 515.

■ The sole assignment of error in this case raises a pure question of law: whether the Federal Reserve Act, Section 341, Title 12, U.S.Code, preempts a state employment-discrimination claim against the Federal Reserve Bank. Section 341(5) provides that a Federal Reserve Bank shall have the power "[t]o appoint by its board of directors a president, vice presidents, and such officers and employees as are not otherwise provided for in this chapter, to define their duties, require bonds for them and fix the penalty thereof, and to dismiss at pleasure such officers or employees."

The Federal Reserve Bank of Cleveland relies upon the holding in *Ana Leon T. v. Fed. Res. Bank of Chicago* (C.A.6, 1987), 823 F.2d 928. See, also, *Kispert v. Fed. Home Loan Bank of Cincinnati* (S.D.Ohio 1991), 778 F.Supp. 950. In a *per curiam* opinion, the Sixth Circuit held that the plaintiff's rights under Michigan's employment discrimination law were preempted by Section 341(5), Title 12, U.S.Code, but failed to engage in any analysis or state the basis of its decision. Therefore, we decline to rely upon the holding in *Ana Leon T.*

■ Under the Supremacy Clause, Clause 2, Article VI of the United States Constitution, the United States Congress has the power to preempt state law. *In re Miamisburg Train Derailment Litigation* (1994), 68 Ohio St.3d 255, 259, 626 N.E.2d 85, 89. "State law may be preempted by federal law when a federal statute includes language that explicitly provides for preemption of state law, when the wording or legislative history of the federal statute shows Congress's intent to exclusively regulate the area, or where the state law conflicts with the federal regulatory scheme." *Cleveland v. Berger* (1993), 91 Ohio App.3d 102, 109, 631 N.E.2d 1085, 1089, citing *Mowery v. Mercury Marine, Div. of Brunswick Corp.* (N.D.Ohio 1991), 773 F.Supp. 1012. Preemption analysis begins with a rebuttable presumption against preemption. *Jenkins v. James B. Day & Co.* (1994), 69 Ohio St.3d 541, 544, 634 N.E.2d 998, 1001.

■ Section 341, Title 12, U.S.Code, does not contain any language explicitly preempting state law. Therefore, this court must examine the language of the

statute and the legislative history to determine whether Congress intended preemption or whether there is a conflict between state and federal law. "The key question in any preemption analysis is whether Congress intended for state law to be superseded by federal law." *In re Miamisburg,* 68 Ohio St.3d at 260, 626 N.E.2d at 89.

There is nothing in the legislative history tending to show congressional intent to preempt state-law discrimination claims. See *Mueller v. First Natl. Bank of Quad Cities* (C.D.Ill.1992), 797 F.Supp. 656, 663. In a decision issued subsequent to *Ana Leon T.,* the Equal Employment Opportunity Commission issued the EEOC Enforcement Guidance on Coverage of Federal Reserve Banks, EEOC Decision No. N–915–002 (Oct. 20, 1993). The EEOC concluded that the Federal Reserve Banks should be treated as private employers for purposes of federal discrimination claims. *Katsiavelos v. Fed. Res. Bank of Chicago* (N.D.Ill. Dec. 28, 1994), No. 93 C 7724, 1994 WL 721192 (Federal Reserve Bank of Chicago held subject to the Illinois Human Rights Act). Thereafter, the District Court in *Katsiavelos* concluded that the Federal Reserve Banks should also be treated as private employers for purposes of state discrimination claims. *Id.* In the absence of any legislative history to the contrary, the view that the Federal Reserve Bank should be treated as a private employer for purposes of all discrimination claims is compelling.

The language of Section 341, Title 12, U.S.Code in dispute is the phrase "at pleasure." The Federal Reserve Act gives the Federal Reserve Banks the power to dismiss "at pleasure" bank officers. This language is nothing more than another means of expressing an "at will" employment agreement. *Katsiavelos v. Fed. Res. Bank of Chicago* (N.D.Ill. Mar. 3, 1995), No. 93 C 7724, 1995 WL 103308. See, also, *Mueller, supra,* 797 F.Supp. at 663 (National Bank Act, Section 24, Title 12, U.S.Code construed); *Cooney v. Independence* (Nov. 23, 1994), Cuyahoga App. No. 66509, unreported, 1994 WL 663453. Ohio courts also recognize that a clear violation of public policy creates an exception to an at-will employment agreement. *Painter v. Graley* (1994), 70 Ohio St.3d 377, 639 N.E.2d 51. Discharge of an employee in violation of a statute is the clearest form of public policy for purposes of creating an exception to an at-will employment agreement. See *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 551 N.E.2d 981. While handicapped discrimination is much more than public policy in Ohio, it is clearly in and of itself an exception to any at-will employment agreement.

An exception to the concept of employment at will for discrimination allegations is also consistent with federal law. There is no dispute that notwithstanding Section 341, Title 12, U.S.Code, the Federal Reserve Bank is still subject to Title VII of the Civil Rights Act of 1964. See *Moodie v. Fed. Res.*

*Bank of New York* (S.D.N.Y.1993), 831 F.Supp. 333; *Moodie v. Fed. Res. Bank of New York* (S.D.N.Y.1993), 835 F.Supp. 751; *Ana Leon T., supra.* Title VII does not exempt the Federal Reserve Banks in the area of employment discrimination. *Moodie,* 831 F.Supp. at 337. Therefore, because there is no conflict between R.C. 4112.99 and Title VII of the Civil Rights Act, we find no conflict between state and federal law where the Federal Reserve Banks and the Federal Reserve Act are concerned.

The language of Section 341, Title 12, U.S.Code does not support the Federal Reserve Bank's view that "Congress intended that section to exempt the Federal Reserve Banks, in the area of employment discrimination, from statutes or regulations of the states in which they operate, particularly when the state statutory scheme is consistent with federal legislation." *Moodie,* 831 F.Supp. 333 at 337. Accordingly, we find, as a matter of law, that the Federal Reserve Act does not preempt Ohio employment-discrimination claims, and the motion for summary judgment should have been denied.

*Judgment reversed*
*and cause remanded.*

DAVID T. MATIA and NAHRA, JJ., concur.