JOURNAL ENTRY AND OPINION
Plaintiff-appellant William Woods ("plaintiff") appeals the trial court's decision to grant defendant-appellee Phoenix Society of Cuyahoga County's ("Phoenix") motion to dismiss.
The record shows that Phoenix is a non-profit, publicly funded agency which provides job training and peer support for people diagnosed with or recovering from a mental health disorder. Plaintiff accepted employment with Phoenix in October 1997, as an administrative assistant. On August 18, 1998, plaintiff was discharged from Phoenix.
On November 27, 1998, plaintiff filed a complaint alleging he was wrongfully discharged based on discrimination he experienced because he was not mentally handicapped or disabled. In the complaint, plaintiff claimed he was the only person employed by Phoenix who did not have a prior mental health problem. He argued that: when the executive director of Phoenix discovered he did not have a prior mental health problem his work environment deteriorated. Specifically, plaintiff complained the director became hostile towards him, the director would not communicate directly with him but only through notes, he was excluded from meetings, his job responsibilities were transferred to others, and his hours were decreased. In addition, plaintiff stated the director issued several disciplinary write-ups that were fabricated and pretextual.
Phoenix filed a motion to dismiss claiming plaintiff was dismissed for legitimate, nondiscriminatory reasons. Moreover, Phoenix argued even if plaintiff's allegations are taken as true, he still did not state a claim upon which relief could be granted. Plaintiff filed a brief in opposition to Phoenix's motion to dismiss. However, on March 18, 1999, the trial court, without an opinion, granted Phoenix's motion to dismiss. Subsequently, plaintiff filed a timely notice of appeal and now presents two assignments of error. Since appellant's two assignments of error involve the propriety of the trial court's decision to grant dismissal, they will be jointly addressed.
Plaintiff's first and second assignments of error state as follows:
 THE TRIAL COURT ERRED BY GRANTING APPELLEE'S MOTION TO DISMISS WHEN APPELLANT'S COMPLAINT CONFORMED TO THE NOTICE PLEADING REQUIREMENTS OF OHIO CIVIL RULE 8.
 THE TRIAL COURT ERRED BY DISMISSING APPELLANT'S COMPLAINT BECAUSE HE STATED A COGNIZABLE CLAIM FOR RELIEF UNDER A PUBLIC POLICY EXCEPTION TO THE EMPLOYMENT AT-WILL DOCTRINE.
Plaintiff argues he satisfied the requirements of Civ.R. 8(A) in his complaint by submitting a short and plain statement of the facts which gave Phoenix fair notice of his claim for relief under the public policy exception to the employment at-will doctrine. Plaintiff maintains he was terminated because he did not have a prior mental health problem which constitutes discrimination in violation of the public policy articulated in R.C. 4112, the Americans with Disabilities Act, and the case law. Specifically, he claims his termination based on his non-disabled status violates public policy favoring equal employment opportunity.
A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. ofCommrs. (1992), 65 Ohio St.3d 545. "[W]hen a party files a motion to dismiss for failure to state a claim, all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." Byrd v. Faber (1991), 57 Ohio St.3d 56, 60.
The issue for this court's determination is whether appellants' complaint included a statement of claim against Phoenix pursuant to Civ.R. 8(A). All that the civil rules require is a short, plain statement of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it is based. Patrick v. Wertman (1996), 113 Ohio App.3d 713.
It is well-settled law that for a court to properly grant a motion to dismiss for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."O'Brien v. Univ. Community Tenants Union, Inc. (1975),42 Ohio St.2d 242, 245. Treating this as a de novo review, only the complaint can be reviewed to test the sufficiency of the allegations.
Thus, we must determine whether plaintiff's complaint substantiates a claim for wrongful discharge in contravention of public policy based on his discriminatory allegation that he was fired because he never had a prior mental health problem.
In his complaint, plaintiff argues his status "as a nondisabled" employee caused his discharge. Essentially, plaintiff complains because he was not a part of a minority class; i.e., a person with a prior mental health problem, he was discriminated against during his job tenure and was eventually fired based on his non-minority status. Plaintiff is asking this court to carve out an exception to the employment at-will doctrine, based on public policy, because of his status as a non-disabled employee.
Plaintiff's claim is a reverse discrimination claim;i.e., he was discriminated against because he was part of a majority. The Ohio Supreme Court has numerous cases which note the existence of a strong public policy against work-place discrimination. Genaro v. Cent Transport, Inc., (1999),84 Ohio St.3d 293, 296; Collins v. Rizkana (1995),73 Ohio St.3d 65; Kerans v. Porter Paint Co. (1991),61 Ohio St.3d 486. Specifically, in White v. Fed. Res. Bank
(1995), 103 Ohio App.3d 534, 538, we held "* * * discrimination is much more than public policy in Ohio, it is clearly in and of itself an exception to any at-will employment agreement."White clearly stands for the proposition that a claim for discrimination is an exception to the at-will employment doctrine.
In the present case, plaintiff's claim is for reverse discrimination. While this is not the exact same type of discrimination that was discussed in White, it is nonetheless a form of discrimination and therefore it falls under the parameters of the abovementioned White holding.
Having found that reverse discrimination is a viable exception to the at-will employment doctrine, we next discuss whether, based on the complaint, plaintiff can prove no set of facts entitling him to relief.
The basic elements of a reverse discrimination case against an employer were set forth in Wagner v. Allied Steel TractorCo., (1995), 105 Ohio App.3d 611, 614-615. In order to make a prima facie case of reverse discrimination, the employee must show (1) background circumstances supporting the inference that his employer was the unusual employer who discriminated against nonminority employees; (2) he was discharged from his job by the employer; (3) he was qualified for the position; and (4) either he was replaced by a person not belonging to the protected class or his discharge enabled the employer to retain such a person.Id.
Plaintiff's complaint states he was hired as "an administrative assistant/officer manager." He alleges a non-mental health employee he worked with at Phoenix was replaced by Phoenix in June 1998. He claims he was then the only non-mental health employee working for Phoenix. Two months later, on August 18, 1998, plaintiff claims he was discharged by Phoenix because he was a nonmental health employee.
Based on the above analysis, we find that the trial court erred in granting Phoenix's motion to dismiss. Accordingly, plaintiff's assignments of error are sustained and this case is remanded to the trial court for further proceedings.
Reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE ADMINISTRATIVE JUDGE, JAMES D. SWEENEY, J., CONCUR.
 _____________________ JOHN T. PATTON, JUDGE