{¶ 32} I agree with the majority's conclusion that Ms. Boesch failed to establish a genuine issue of fact regarding whether she was an employee of Futura. I concur, therefore, in the affirmance of summary judgment in Futura's favor.
 {¶ 33} I disagree, however, with the majority's conclusion that Section Fifth of the National Bank Act of 1864, 12 U.S.C. § 24 (Fifth), preempts any national bank employee's employment claims under Chapter 4112 of the Ohio Revised Code. I would follow the reasoning of the Eighth District Court of Appeals in White v. Fed. Reserve Bank,103 Ohio App. 3d 534 (1995), and, based on that reasoning, reverse the trial court's summary judgment in favor of Champaign on both Ms. Boesch's claim that Champaign discriminated against her during her employment and discharged her in retaliation for her complaints about that alleged discrimination.
 {¶ 34} Even if I were to agree with the majority's conclusion that the National Bank Act preempts some national bank employees' claims under Chapter 4112, I would still reverse the trial court's summary judgment in favor of Champaign on both of Ms. Boesch's claims. Under the Sixth Circuit rule, which the majority has adopted, the question of whether a state employment claim of a particular employee of a national bank is preempted depends on whether that employee is or was a "president, vice president, cashier, [or] other officer." See Wiskotoni *Page 15 v. Michigan Nat'l Bank-West, 716 F.2d 378, 387 (6th Cir. 1983) (quoting12 U.S.C. § 24). The plaintiff in Wiskotoni, a branch manager, claimed that the defendant national bank had discharged him in violation of an implied employment contract and state public policy. The bank argued that his claims were preempted by Section 24 because, according to it, branch managers were "other officers" within the meaning of Section 24. The Sixth Circuit noted that Section 24 provides that officers, including "other officers," are to be appointed and dismissed by a national bank's board of directors. Inasmuch as Mr. Wiskotoni had been appointed and discharged by the bank's president rather than by its board, the court concluded that "the district court properly held that Wiskotoni was not an officer of the Bank for the purposes of the National Bank Act." Id. Because, as a branch manager, he was not an "other officer," Section 24 had no effect on his state law claims.
 {¶ 35} Ms. Boesch appears to have held the same position during her entire tenure at Champaign, although she was variously referred to as a "business banking officer," a "lending officer," and a "Business Banker I." Applying the Sixth Circuit rule to this case, the issue would be whether Ms. Boesch, as a "business banking officer," "lending officer," or "Business Banker I," was an "other officer" within the meaning of Section 24. As noted by the majority, the board approved her initial appointment as an employee. That approval was consistent with her being an "other officer." There is a genuine issue, however, regarding whether the board dismissed her. If someone other than the board had the power to dismiss Ms. Boesch, she was not an "other officer" within the meaning of Section 24. If she was not an "other officer," under the Sixth Circuit Rule, neither of her Chapter 4112 employment claims would be preempted.
 {¶ 36} The majority appears to have determined that Ms. Boesch was an "other officer" for purposes of her claim that she was discriminated against during her employment, but that *Page 16 
there is a question of fact regarding whether she was an "other officer" for purposes of her claim that she was discharged in retaliation for complaining about that alleged discrimination. That result is impossible. She was either an "other officer" or she was not. If I were to follow the Sixth Circuit rule, therefore, I would still conclude that the trial court's grant of summary judgment must be reversed on both of Ms. Boesch's Chapter 4112 claims. *Page 1