OPINION
Plaintiff-appellant, Jack Jenkins, appeals from a judgment rendered by the Mahoning County Common Pleas Court sustaining a motion for summary judgment filed by defendant-appellee, Parkview Counseling Center, Inc. For the following reasons, the judgment of the trial court is affirmed in part, reversed in part and remanded for further proceedings.
 STATEMENT OF FACTS
Appellee is a private, non-profit organization that provides mental health services and counseling to residents of Mahoning County. Around February 14, 1972, appellant was hired by appellee as a building and grounds maintenance superintendent. In 1977, appellant filed a grievance alleging that, without his knowledge, he was reclassified as a building maintenance foreman. He claimed that such classification cost him several thousand dollars in salary and benefits. On February 2, 1978, the grievance was satisfied by a settlement agreement between appellant and appellee. Under the terms of the agreement, appellant was restored to his former classification and salary.
On May 23, 1985, appellant filed a complaint against appellee, alleging that appellee again changed his job classification without his knowledge, breaching the settlement agreement. The matter proceeded to trial. On November 8, 1991, the jury found in favor of appellant in the amount of $48,720.62. This court affirmed the judgment of the trial court. Jenkins v. Parkview Counseling Center, Inc. (Dec. 6, 1994), Mahoning App. No. 92CA42, unreported.
On November 5, 1993, appellant was involuntarily laid off. He was never recalled to work. In response, appellant filed a complaint against appellee in Federal Court on December 2, 1994. He alleged that he was a victim of age discrimination. That case was dismissed without prejudice.
Appellant filed the original complaint in this case on September 13, 1996. He later filed an amended complaint alleging five counts, including: (1) age discrimination under federal law; (2) age discrimination under Ohio law; (3) breach of contract; (4) malice; and (5) wrongful discharge in violation of public policy. Appellee filed a motion for summary judgment. The trial court sustained appellee's motion. This appeal followed.
 ASSIGNMENT OF ERROR NUMBER ONE
Appellant sets forth four assignments of error on appeal. Appellant's first assignment of error alleges:
 "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF PARKVIEW ON COUNT III OF JENKINS' AMENDED COMPLAINT, WHERE THE FINDINGS OF THE COURT WERE NOT DISPOSITIVE OF JENKINS' BREACH OF CONTRACT CLAIM."
We review the trial court's grant of summary judgment de novo.Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm (1995),73 Ohio St.3d 107, 108. Pursuant to Civ.R. 56(C), summary judgment is proper if: (1) no genuine issue of material fact remains to be litigated; (2) the movant is entitled to judgment as a matter of law; and (3) it appears that reasonable minds can only come to a conclusion that is adverse to the nonmovant. Welco Indus., Inc. v. Allied Cos. (1993),67 Ohio St.3d 344, 346. A trial court should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party. Id. Nevertheless, summary judgment is appropriate where the nonmovant fails to produce evidence demonstrating that a genuine issue of material fact exists. Id.
The movant has the initial burden of informing the trial court of the basis for its summary judgment motion by identifying the portions of the record that demonstrate the absence of a genuine issue for trial. Dresherv. Burt (1996), 75 Ohio St.3d 280, 293. The burden then shifts to the nonmovant to set forth specific facts showing that there is a genuine issue for trial in that reasonable minds could reach different conclusions. Id. To meet these burdens, the parties must point to the proper supporting evidence. This evidence consists of pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact. Civ.R. 56(C).
In the case at bar, the trial court found that appellant failed to meet his burdens concerning his claims for age discrimination and wrongful discharge. It further stated, "the court does not reach the other grounds asserted in [appellee's] motion for summary judgment." [2/12/99 J.E.]. Nonetheless, the trial court sustained appellee's motion for summary judgment. Appellant argues that it was improper for the trial court to grant summary judgment in favor of appellee without considering the merits of appellee's motion regarding appellant's breach of contract claim.
Appellee argues that the trial court's judgment was dispositive of appellant's breach of contract claim. Appellee insists that appellant's claim for breach of contract is part and parcel of the previous action upon which appellant obtained a favorable judgment. Appellee contends that the trial court determined that appellant's breach of contract claim could not be sustained because it is barred by res judicata and, thus, the trial court adjudicated appellant's breach of contract claim.
In this case, the trial court stated, "this decision cannot, and does not purport to, alter the judgment rendered in favor of [appellant] in his prior action against [appellee]. [Appellant's] remedy, if that judgment remains unsatisfied, he's in post-judgment proceedings in that action." [2/12/99 J.E.]. The judgment in the previous case, which was rendered November 8, 1991, granted relief to appellant for his breach of contract claim. Given the trial court's statements in this case concerning the prior action, it is clear that the trial court addressed appellant's breach of contract claim, determining that it was previously litigated and appellant is confined to post-judgment proceedings.
As such, appellant's first assignment of error is without merit.
 ASSIGNMENT OF ERROR NUMBER TWO
Appellant's second assignment of error alleges:
 "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF PARKVIEW ON JENKINS' BREACH OF CONTRACT CLAIM WHERE THAT CLAIM WAS NOT BARRED BY THE DOCTRINE OF RES JUDICATA OR THE APPLICABLE STATUTE OF LIMITATIONS."
 RES JUDICATA
Appellant contends that he stated a valid claim for breach of contract. The third count of his amended complaint alleges that appellee breached the previous settlement agreement from 1978. It states that, in 1991, a jury returned a verdict in appellant's favor because appellee breached the 1978 settlement agreement by placing him into a different job classification. The different job classification resulted in lower pay and benefits. The third count goes on to allege that, subsequent to the 1991 jury verdict and prior to his discharge, appellee continued to breach the settlement agreement in violation of the jury's determination. It states that, in spite of the jury's determination rendered in 1991, appellee continuously refused to pay appellant his proper salary in violation of the 1978 settlement agreement. Appellant insists that the continued breach of the 1978 settlement agreement during the period after the jury returned its verdict in 1991 gave rise to his present claim for breach of contract. He claims that the 1991 judgment did not deal with this particular breach. He argues that it amounts to a new claim and is not barred by res judicata.
Appellee argues that appellant's present breach of contract claim is barred by res judicata. Appellee contends that appellant's claim in this case is identical to his previous claim for which he received a judgment in 1991. Appellee insists that appellant is simply attempting to obtain additional money, beyond the amount awarded by the jury in the previous case.
The doctrine of res judicata consists of two related concepts: claim preclusion and issue preclusion. Grava v. Parkman Twp. (1995),73 Ohio St.3d 379, 381. Under claim preclusion, a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claims arising out of the transaction or occurrence that was the subject matter of the previous action. Ft. Frye Teachers Assn., OEA/NEA v. StateEmp. Relations Bd. (1998), 81 Ohio St.3d 392, 395. Under issue preclusion, a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different. Id.
Appellant insists that the third count of the complaint filed in this case states a different cause of action than that of the 1991 case. He claims that they are different because the previous cause of action arose prior to November 8, 1991 and the cause of action in this case arose after that date. This argument lacks merit. In both instances, appellant alleges that appellee breached the same contract, the settlement agreement reached in 1978 resulting from appellant's 1977 grievance. The 1991 case involved appellee's breach of the settlement agreement based upon appellant's reclassification and reduced pay. The third count in the instant case alleges that appellee violated the same settlement agreement when it continuously refused to increase appellant's salary to the proper level subsequent to the 1991 case. The only difference between the two claims is the time period for which appellant claims entitlement to damages. Both claims involve the same facts and require the same evidence. Therefore, appellant's breach of contract claim contained in the third count of his amended complaint is barred by the doctrine of claim preclusion.
Even if we were to assume arguendo that the third count in appellant's complaint has stated a cause of action different from the 1991 case, the doctrine of issue preclusion bars recovery. While the merger and bar aspects of res judicata have the effect of precluding relitigation of the same cause of action, the issue preclusion aspect prevents relitigation, in a second action, of an issue that has been actually and necessarily litigated and determined in a prior action that was based on a different cause of action. Ft. Frye Teachers Assn., OEA/NEA, supra at 395. Under the rule of issue preclusion, "even where the cause of action is different in a subsequent suit, a judgment in a prior suit may nevertheless affect the outcome of the second suit." Id. The issue of whether appellee was in breach of the settlement agreement when it reclassified appellant and lowered his pay was litigated in the 1991 case. Therefore, under the doctrine of issue preclusion, appellant's claim for breach of contract in the present case is barred.
 STATUTE OF LIMITATIONS
Additionally, appellant argues that his breach of contract claim is not barred by the statute of limitations. He contends that the statute of limitations applicable to his action allows a period of fifteen years in which to file a lawsuit. He insists that this claim arose subsequent to the judgment in the previous case which was entered on November 8, 1991. Appellant filed his complaint in this action on September 13, 1996. Therefore, he claims that his action for breach of contract was filed within the applicable limitations period. However, even if we assumearguendo that appellant's breach of contract claim is not barred by the doctrine of res judicata, it is nonetheless precluded by the statute of limitations.
In determining which statute of limitations applies to appellant's claims against appellee, it is necessary to determine the true nature or subject matter of the acts giving rise to the complaint. Doe v. FirstUnited Methodist Church (1994), 68 Ohio St.3d 531, 536. In addition to breach of contract, appellant's complaint alleges age discrimination, malice and wrongful discharge. Acts independent of the other claims gave rise to appellant's breach of contract claim. Nothing in the record indicates that appellant included a claim for breach of contract in his complaint merely to circumvent shorter limitation periods for his other claims. Id. at 537. Therefore, the fifteen-year period under R.C. 2305.06
is the proper statute of limitations for appellant's breach of contract claim.
Appellant insists that his breach of contract claim arose subsequent to November 8, 1991. However, given our discussion of res judicata, supra, wherein we determined that appellant's present claim for breach of contract arose from the same transaction and occurrence as his 1991 claim, the third count of appellant's complaint is barred by the statute of limitations. Appellee violated the settlement agreement on April 15, 1979. Appellant did not file his complaint until September 13, 1996, well beyond the fifteen-year period established by R.C. 2305.06. As such, appellant's breach of contract claim in his present action is precluded.
Appellant's second assignment of error is without merit.
 ASSIGNMENT OF ERROR NUMBER THREE
Appellant's third assignment of error alleges:
 "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANT ON JENKINS' CLAIMS OF AGE DISCRIMINATION WHERE THE RECORD CONTAINED SPECIFIC EVIDENCE OF DISCRIMINATORY ANIMUS AGAINST OLDER EMPLOYEES."
Appellant's complaint alleges that after his involuntary lay-off, he was not recalled to work by appellee. It states that he was 66 years old at the time he was laid off. It alleges that he was not recalled to work because of his age. In support of this contention, the complaint alleges that appellee recalled younger employees who were similarly laid off. It also contends that while appellant was a supervisor, appellee requested him to fire employees over the age of 65, stating that the organization wished to keep younger people. Appellee's answer denies each of these allegations.
The trial court sustained appellee's motion for summary judgment. It noted, "while [appellant] states that others were returned to work from lay off and that he was replaced, he does not state that such replacement was by a person not belonging to the protected class." [2/12/99 J.E.]. The trial court also noted that appellant's claim relied upon the prior treatment of others. The trial court concluded that such evidence could not support a judgment for appellant.
Appellant argues that summary judgment in favor of appellee was inappropriate. He contends that he has alleged sufficient facts upon which a reasonable jury could find that he was discharged, at least in part, because of his age.
Appellee argues that appellant has not alleged acts that could show discriminatory intent. Appellee insists that even if appellant's claims that appellee committed discrimination in the past are true, they are not sufficient to prove that appellant lost his job because of his age. Furthermore, appellee claims that appellant's position was filled by an individual several years older than appellant. Appellee concludes, therefore, that the trial court correctly sustained its motion for summary judgment.
The Ohio Supreme Court has held that age discrimination cases brought in state courts should be construed and decided in accordance with the federal guidelines and requirements. Barker v. Scovill, Inc. (1983),6 Ohio St.3d 146, 147. A claim for age discrimination may be made by providing either direct or indirect evidence. If there is direct proof of discrimination, a plaintiff must set forth specific facts demonstrating improper activity "by presenting evidence, of any nature, to show that an employer more likely than not was motivated by discriminatory intent."Mauzy v. Kelly Services, Inc. (1996), 75 Ohio St.3d 578, syllabus. There must be a link or nexus between the discriminatory statements or conduct and the prohibited act of discrimination to establish a violation of the age discrimination statutes under the direct evidence standard. Byrnesv. LCI Communication Holdings Co. (1996), 77 Ohio St.3d 125, 130.
A prima facie case for age discrimination relying on indirect evidence is made by meeting the standards established in McDonnell Douglas Corp.v. Green (1973), 411 U.S. 792. The plaintiff must demonstrate: (1) that he was a member of the statutorily-protected class, (2) that he was discharged, (3) that he was qualified for the position, and (4) that he was replaced by, or that his discharge permitted the retention of, a person not belonging to the protected class. Byrnes, supra at 128.
Once a plaintiff establishes a prima facie case, a presumption of age discrimination arises. The burden of production then shifts to the employer to come forward with evidence of a legitimate, nondiscriminatory reason for the plaintiff's discharge. Kohmescher v. Kroger Co. (1991),61 Ohio St.3d 501, 503. If the employer articulates a nondiscriminatory reason, then the employer has successfully rebutted the presumption of discrimination created by the plaintiff's prima facie case. Weiper v.W.A. Hill Assoc. (1995), 104 Ohio App.3d 250, 263. The plaintiff then must present evidence that the employer's proffered reason was a mere pretext for unlawful discrimination. Manofsky v. Goodyear Tire RubberCo. (1990), 69 Ohio App.3d 663, 668. The plaintiff's burden is to prove that the employer's reason was false and that discrimination was the real reason for the discharge. Wagner v. Allied Steel Tractor Co. (1995),105 Ohio App.3d 611, 617. The ultimate burden of a plaintiff in an age discrimination action is to prove that he or she was discharged because of age. Kohmescher, supra at 505.
In the case at bar, there is no direct evidence of discrimination. Appellant alleges that, when he was a supervisor, appellee directed him to fire older employees because appellee preferred younger workers. Appellant also claims that when he refused to do this, appellee removed those workers from his supervision and fired them nonetheless. However, there is no evidence of any discriminatory comments or actions directed toward appellant. Appellant has not established a nexus between actions or statements on the part of appellee and the fact that appellant was not recalled to work. Therefore, appellant must meet the indirect evidence standard. Byrnes, supra.
Appellant has established that he is a member of a statutorily protected class. Both 29 U.S.C. § 631 and R.C. 4101.17 (amended and renumbered as R.C. 4112.14) prohibit age discrimination against individuals at least 40 years old. Appellant was 66 years old when he lost his job.
Appellant met the second element as well. His complaint alleged that he was involuntarily laid off and never recalled to work.
The third element has also been satisfied. Appellee hired appellant in 1972 and continually employed him until 1993. No evidence is present suggesting that appellant was not qualified for the position from which he was discharged.
However, appellant has failed to meet the final element. Appellant alleges that appellee discharged him and hired someone in his place. He has not, however, alleged that his replacement was under the age of forty. To the contrary, appellee insists that appellant's replacement was several years older than appellant.
Appellant failed to establish a prima facie case of age discrimination. Therefore, appellant's third assignment of error is without merit.
 ASSIGNMENT OF ERROR NUMBER FOUR
Appellant's fourth assignment of error alleges:
 "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF PARKVIEW ON JENKINS' CLAIM FOR WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY."
Appellant argues that appellee discharged him for two reasons. He claims that he was discharged because of his age. He also avers that he was discharged in retaliation for his successful lawsuit against appellee. Appellant insists that in the prior lawsuit, he sought to vindicate his right to be paid according to a state wage scale under R.C. 124.152. He notes that he was discharged shortly after his successful suit. Appellant contends that he was therefore wrongfully discharged in violation of public policy.
Appellee argues that appellant's claim for wrongful discharge based upon age discrimination fails on two grounds. First, appellee contends that appellant failed to establish a prima facie case of age discrimination. Second, appellee notes that appellant's previous lawsuit did not allege discrimination or any other ground that would invoke public policy. Therefore, appellee argues that even if appellant was discharged in retaliation of the previous lawsuit, it did not involve age discrimination. As such, appellee argues that appellant's claim for wrongful discharge based upon age discrimination must fail.
Appellee also contends that appellant's claim for wrongful discharge in retaliation of the previous lawsuit must fail. Appellee insists that there is no authority in Ohio supporting such a claim. Appellee argues that summary judgment in its favor was therefore proper.
In order for an at-will employee to bring a wrongful discharge suit, the complaint must allege the violation of a "clear public policy." Kulchv. Structural Fibers, Inc. (1997), 78 Ohio St.3d 134, 150. A sufficiently clear public policy can be found in sources such as a statute, the Constitutions of Ohio and the United States, administrative rules and regulations and the common law. Painter v. Graley (1994),70 Ohio St.3d 377, 384.
As to what constitutes a sufficiently clear public policy, the Ohio Supreme Court has held:
 "We have confidence that the courts of this state are capable of determining as a matter of law whether alleged grounds for a discharge, if true, violate a `clear public policy' justifying an exception to the common-law employment-at-will doctrine, thereby stating a claim. In making such determinations, courts should be mindful of our admonition in Greely that an exception to the traditional doctrine of employment-at-will should be recognized only where the public policy alleged to have been violated is of equally serious import as the violation of a statute." Id.
As noted in the discussion of appellant's third assignment of error, appellant failed to allege a prima facie case of age discrimination. Therefore, he cannot prevail in a claim for wrongful discharge basedupon age discrimination. Brown v. Renter's Choice, Inc. (July 22, 1999), N.D. Ohio No. 5:98-CV-921, unreported. However, with respect to appellant's claim for wrongful discharge in violation of public policy, summary judgment was improper.
Article I, Section 16 of the Ohio Constitution provides that "All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law * * *." "The framers of the Ohio Constitution inserted that provision, and we believe that they meant what they wrote. A remedy would be illusory if citizens could lose their jobs for seeking it." Chapmanv. Adia Services, Inc. (1997), 116 Ohio App.3d 534, 542. When an employer discharges an employee for consulting an attorney regarding an issue that affects the employer's business interests, the employer has violated clear public policy in Ohio. Id. at 546.
Appellee argues that Chapman, supra, stands only for the proposition that an employee may not be discharged for consulting an attorney when simply considering a lawsuit against his or her employer. Appellee contends that an employee who actually sues his or her employer is not protected. This argument is misplaced. The Court of Appeals clearly intended to include the right to sue an employer under the umbrella of public policy. It noted that "consulting with an attorney is the first step toward gaining access to the courts." Id. at 543.
Moreover, we have recognized a public policy exception to the employment-at-will doctrine when an employee was discharged for testifying at a disciplinary hearing for other employees. Wells v. OrmetCorp. (Mar. 17, 1999), Monroe App. No. 798, unreported. In that case, five employees called off work for the same shift, requiring the shift to be canceled. At a hearing to determine whether the employees called off as a collaborated effort to shut the plant down, appellant, a general foreman, testified that in his opinion, the absences were not part of a concerted plan. He was subsequently fired. The trial court dismissed his complaint for failure to state a claim. We reversed, holding that a "sufficiently clear public policy was violated by appellant's discharge." We noted:
 "the public policy in the case sub judice consists of various established interests of society as a whole. These broad societal interests include a fair workplace, truthful grievance proceedings, job stability for long-term employees, and economic productivity. There is clear public policy supporting the aforementioned interests, the violation of which is of similar import to the violation of a statute. The adoption of such a policy exception to employment-at-will adequately inures to the benefit of the general public."
Appellant's complaint alleges that he was discharged in retaliation for his previous lawsuit against his employer. In the previous lawsuit, appellant prevailed in his claim that he was wrongfully classified and paid less than the statutory wage scale. Such a wage scale would be meaningless if an employee could be fired for asserting his rights under it. Therefore, pursuant to Kulch, Painter, Chapman and Wells, supra, appellant may proceed against appellee for wrongful discharge in violation of public policy. Whether he is entitled to recover any damages is a question that must be decided by the trier-of-fact. It is clear that factual issues remain in appellant's wrongful discharge claim. Appellee denies appellant's accusations that he was discharged in retaliation of his prior lawsuit. Furthermore, appellee failed to meet its burden of identifying portions of the record that establish the absence of a genuine issue for trial. Dresher, supra at 293. As such, summary judgment in favor of appellee on appellant's claim for wrongful discharge in violation of public policy was inappropriate. Appellant's fourth assignment of error is found to be with merit.
For the foregoing reasons, the judgment of the trial court is affirmed in part, reversed in part and remanded for proceedings according to law and consistent with this court's opinion.
Cox, P.J., concurs, Waite, J., concurs.