JOURNAL ENTRY and OPINION
Appellant Kenneth Palesh appeals from the trial court's grant of summary judgment in favor of appellee Rockwell International Corporation (Rockwell) and one of its vice presidents, Richard Eshelman regarding Palesh's claims of gender and age discrimination. Palesh assigns the following as errors for our review:
 I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANTS-APPELLEES ON PLAINTIFF-APPELLANT'S CLAIM FOR SEX DISCRIMINATION IN VIOLATION OF O.R.C. 4112.02(A).
 II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANTS-APPELLEES ON PLAINTIFF-APPELLANT'S CLAIM FOR AGE DISCRIMINATION IN VIOLATION OF O.R.C. 4112.02(A).
 III. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANTS-APPELLEES ON PLAINTIFF-APPELLANT'S CLAIM FOR WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY.
Having reviewed the record and the pertinent law, we affirm the decision of the trial court. The apposite facts follow.
On or about October 19, 1999, Rockwell notified Palesh, then age forty-eight, that his position would be transferred to Milwaukee, Wisconsin and his duties divided among other employees as a result of corporate downsizing and restructuring. Unless Palesh secured another position within the company, his last day of employment with Rockwell was to be January 31, 2000.
Palesh found the position of Manager of Financial Planning and Analysis for the Information and Automation Group advertised on Rockwell's computer job posting. Palesh submitted an application for the position, but was not granted an interview because his application was not processed soon enough for consideration. Nevertheless, Rockwell considered Palesh for the position after Nancy Burke, the winning candidate, rejected Rockwell's offer. Four individuals interviewed Palesh, including Richard Eshelman, hiring manager and Vice President of the Information and Automation Group, and Pamela Armbruster, who was leaving the position. After the interviews, Rockwell rejected Palesh's application and hired Sandra Klosowoski, a qualified female under the age of forty.
At deposition, Eshelman opined that Palesh would not help Rockwell become more profitable and did not interview well. Eshelman cited Palesh's "hands-off" management style, and distaste for demanding performance from those he supervised. Armbruster's evaluation of Palesh reflected similar sentiments, including a perceived lack of ambition and poor communication skills. On a form used to evaluate those persons interviewed, Armbruster rated Palesh's qualifications to fill the job as a "two" on a scale of "one to five" because he was "difficult to talk with and this position deals with so many levels of staff and managers; lacks current management experience which is desperately needed for clerical staff."
On May 30, 2000, Palesh filed a complaint in the common pleas court alleging Rockwell engaged in age discrimination by hiring Klosowski rather than him. On December 4, 2000, Palesh amended his complaint to add a claim that Rockwell's hiring of Klosowski amounted to gender discrimination as well.
On April 30, 2001, upon Rockwell's motion, the trial court granted summary judgment in favor of Rockwell and against Palesh on both age and gender discrimination claims. This appeal followed.
We consider Palesh's first and second assigned errors concurrently because they present identical facts and similar questions of law. In these assigned errors, Palesh argues the trial court erred in granting summary judgment because Rockwell actually engaged in age and gender discrimination.
We consider an appeal from summary judgment under a de novo standard of review.[1] Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.[2] Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can only reach one conclusion which is adverse to the non-moving party.[3] Civ.R. 56 places upon the moving party the initial burden of setting forth specific facts that demonstrate no issue of material fact exists and the moving party is entitled to judgment as a matter of law.[4] If the movant fails to meet this burden, summary judgment is not appropriate.[5] If the movant does meet this burden, summary judgment will only be appropriate if the non-movant fails to establish the existence of a genuine issue of material fact.[6]
R.C. 4112.02(A) states:
 It shall be an unlawful discriminatory practice: (A) For any employer, because of the race, color, religion, sex, national origin, handicap, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.
R.C. 4112.14(A) provides:
 No employer shall discriminate in any job opening against any applicant or discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee.
We generally apply federal case law interpreting Title VII of the Civil Rights Act of 1964 to cases involving alleged violations of R.C. 4112.[7]
In McDonnell Douglas Corp. v. Green,[8] the United States Supreme Court "established a flexible formula to ferret out impermissible discrimination in the hiring, firing, promoting, and demoting of employees."[9] We adopt this formula to fit the specific circumstances of each case.[10]
Initially, we look to whether the plaintiff set forth a prima facie case of discrimination. As set forth in McDonnell Douglas and adapted by this court, the basic elements of a discrimination case are: (1) a plaintiff belonging to a protected class, (2) the plaintiff being qualified for the job for which he applied, (3) the employer declining to hire the plaintiff, and (4) the position remaining open and the employer continuing to seek other candidates similarly qualified as the plaintiff.[11]
Here, Palesh established a prima facie case for both age and gender discrimination. First, Palesh is a member of a protected age class because he is over forty years of age, and is a member of a protected gender class because gender discrimination applies to males and females alike. Second, although Rockwell may prefer that the new Manager of Financial Planning and Analysis possess certain traits Palesh lacks, Palesh has experience in management and finance which indicate he was qualified for that position. Third, Rockwell did not hire Palesh, and fourth, Rockwell continued to interview similarly qualified candidates until it filled the position.
Once the plaintiff establishes a prima facie case of discrimination, a presumption of unlawful discrimination arises.[12] The burden then shifts to the employer to set forth a legitimate, nondiscriminatory reason for not hiring the plaintiff.[13]
Rockwell satisfied this burden. Deposition testimony and the form Arbruster completed after interviewing Palesh reveals that Palesh interviewed poorly, did not possess adequate interpersonal skills, failed to demonstrate the necessary willingness or ability to perform in a non-routine system, and lacked initiative. Further, the record indicates that the person ultimately hired was better suited to the available position than Palesh. In fact, a ranking system placed seven of the candidates, including Nancy Burke and Sandra Klosowski, ahead of Palesh in terms of suitability for the job. The ranking system evaluated the candidates' technical proficiency and behavior. Palesh ranked at or near the bottom in both categories. Accordingly, Rockwell successfully set forth a legitimate, nondiscriminatory reason for not hiring Palesh.
Finally, the plaintiff must counter with proof that the employer's reasons were pretextual or, in other words, simply not worthy of credence.[14] Despite the shifting burdens, the burden of proving unlawful discrimination ultimately rests with the plaintiff.
Palesh will have failed to prove his case unless he set forth evidence indicating Rockwell's reasons to not hire Palesh are not worthy of belief. Palesh asserts that, in his opinion, the interviews went well, he has enough experience and qualifications to perform adequately, and Rockwell was actively trying to hire young female employees. The record does not support Palesh's assertions. On balance, the record indicates that Palesh interviewed poorly, and that although Palesh was arguably qualified as a manager, the hired candidate was more qualified than he. Further, the record does not support Palesh's argument that Rockwell did not hire Palesh because he was not a young female.
Viewing the evidence most strongly in Palesh's favor, as required by our standard of review, we determine that no genuine issue of material fact exists as to whether Rockwell committed age or gender discrimination in declining to hire him. Accordingly, Palesh's first and second assigned errors are without merit.
In his third assigned error, Palesh argues the trial court erred in granting summary judgment because Rockwell's conduct violated Ohio public policy. We disagree.
A claim for the tortious violation of a public policy does not lie if a statute addresses the public policy and provides a specific legal remedy.[15] R.C. 4112 both addresses the public policy of not permitting discrimination based upon gender and age, and provides a specific legal remedy. Therefore, Palesh's assigned error based upon public policy grounds is without merit.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and ANNE L. KILBANE, J., CONCUR.
[1] Brown v. Scotio Cty. Bd. of Commrs (1993), 87 Ohio App.3d 704,711, 622 N.E.2d 1153, 1157; Dupler v. Mansfield Journal Co., Inc. (1980), 64 Ohio App.2d 116, 413 N.E.2d 1187.
[2] Northeast Ohio Apt. Assn. v. Cuyahoga Cty Bd. of Commrs. (1997),121 Ohio App.3d 188, 699 N.E.2d 534; Weiper v. W.A. Hill Assoc. (1995), 104 Ohio App.3d 250, 661 N.E.2d 769; Brown v. Scotio Bd. ofCommrs, 87 Ohio App.3d 704, 622 N.E.2d 1153.
[3] Holliman v. Allstate Ins. Co. (1999), 86 Ohio St.3d 414,715 N.E.2d 532; Temple v. Wean United, Inc. (1997), 50 Ohio St.2d 317,327, 364 N.E.2d 267, 273-274.
[4] Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264,273-274.
[5] Dresher at 293, 662 N.E.2d at 274.
[6] Id.
[7] Plumbers Steamfitters Joint Apprenticeship Commt. v. OhioCiv. Rights Comm. (1981), 66 Ohio St.2d 192, 421 N.E.2d 128.
[8] (1973) 411 U.S. 792, 93 S.Ct. 1817.
[9] Plumbers Steamfitters Joint Apprenticeship Commt., supra at 197.
[10] McDonnel Douglas Corp. v Green (1973), 411 U.S. 792,93 S.Ct. 1817. In McDonnel Douglas, the Supreme Court acknowledged "The facts necessarily will vary in [employment discrimination] cases, and the specification above the prima facie proof required from respondent is not necessarily applicable in every respect to differing factual situations."
[11] McDonnell Douglas Corp., supra at 802, Sheridan, supra at 6.
[12] Sheridan, supra at 6, citing St. Mary's Honor Ctr. v. Hicks
(1993), 509 U.S. 502, 506, 113 S.Ct. 2742, 2747, 125 L.Ed.2d 407,416.
[13] Sheridan, supra at 6; McConnell, supra at 802.
[14] Sheridan, supra at 6-7, citing Barker v. Scovill, Inc. (1983),6 Ohio St.3d 146, 148, 451 N.E.2d 807 and Wagner v. Allied Steel Tractor Co. (1995), 105 Ohio App.3d 611, 664 N.E.2d 987; Texas Dept. ofCommunity Affairs v. Burdine (1981), 450 U.S. 248, 101 S.Ct. 1089.
[15] Contreras v. Ferro Corp., 1993 Ohio App. LEXIS 5218 (October 28, 1993), Cuyahoga App. Nos. 64394, 64424, and 64883, unreported, citingSchwartz v. Comcorp., Inc. (1993), 91 Ohio App.3d 639; 633 N.E.2d 551.