OPINION
Plaintiff-appellant, James V. Landon ("appellant"), appeals from the grant of summary judgment by the Lake County Court of Common Pleas in favor of defendant-appellee, ABB Automation, Inc. ("ABB"), in an age discrimination action.
On May 19, 2000, appellant filed a complaint against ABB for two claims of age discrimination and one claim of discharge in violation of public policy. The first age discrimination claim was brought under R.C. 4112.02(N) and the second age discrimination claim was under R.C. 4112.99. Appellant began working for ABB's predecessor in 1990 as a training coordinator. In 1994, he transferred to Ohio and became a senior technical instructor the following year. ABB discharged appellant, then 65 years of age, from his employment on November 30, 1999.
On May 21, 2001, ABB filed a timely motion for summary judgment. ABB stated a customer complained about appellant's unprofessional conduct after he conducted a training course in the fall of 1998. The customer stated that appellant was unprepared and complained about interpersonal issues he had with some of the management. ABB issued a memorandum to appellant on November 17, 1998, warning appellant that such conduct would not be tolerated and that, if the problem occurred again, further disciplinary action would be taken, up to and including, discharge.
In February/March of 1999, another customer complained about appellant's behavior during a training course. Appellant refused to instruct the customer about what was requested, claiming it was not standard. Appellant also expressed that service engineers were the worst ones to train and that the engineers did not know what they were doing. The complaint was not made until November of that year. Right before ABB received this complaint, a third customer complained appellant expressed his discontent with the on-going merger with ABB and made several personal complaints while conducting a course. ABB then decided to terminate appellant's employment.
In its summary judgment motion, ABB argued appellant lacked any direct evidence that his discharge was based upon his age, rather appellant would have to present circumstantial evidence in support of his claim. ABB asserted appellant could not do so because his misconduct rendered him unqualified for his position and he was not replaced by a person outside of the statutorily protected class. Further, ABB contended appellant could not claim that the stated reason for his discharge was a pretext for an unlawful age discrimination termination. ABB argued appellant could not show his discharge violated public policy because it was based upon recurring complaints from customers regarding his conduct.
On June 11, 2001, appellant filed his brief in opposition to ABB's summary judgment motion. Appellant argued a material issue of fact remained in dispute as to whether he was replaced by another employee who was younger than 40 years of age. Appellant disputed that he was not qualified to perform his job duties based upon a few random incidents. Appellant maintained that the issue of his qualification for his position should be based upon whether he had the capacity of performing the essential functions of his job. Appellant asserted that ABB's stated reason for his termination was pretextual because he received favorable performance reviews after the alleged incidents occurred.
On August 3, 2001, the trial court granted ABB's motion for summary judgment. The trial court found appellant failed to show a prima facie case of discriminatory discharge on the basis of age. The court further found ABB was entitled to summary judgment on appellant's claim his termination violated public policy.
On appeal, appellant assigns the following error for review:
 "The trial court erred to the prejudice of Plaintiff-Appellant in granting Defendant-Appellee's Motion for Summary Judgment where a reasonable finder of fact could conclude that Plaintiff-Appellant had set forth a prima facia case of age discrimination and that Defendant-Appellee's articulated reason for terminating Plaintiff-Appellant was pretextual."
In his sole assignment of error, appellant contends the trial court erred in granting ABB summary judgment because the issue of whether he was qualified for his position is a matter of dispute, rendering it inappropriate for resolution by summary judgment. Appellant submits the purported instances of disciplinary problems would not, by themselves, bear upon his ability to perform his job duties. Appellant asserts an employee must meet his employer's legitimate expectations in order to be qualified. Appellant argues that his positive performance evaluations, including one less than two months prior to his termination, prove he was qualified for his position.
On appeal, a reviewing court conducts a de novo review of a trial court's summary judgment entry. Grafton v. Ohio Edison Co.,77 Ohio St.3d 102, 1996-Ohio-336. A de novo review requires an independent review of the trial court's decision without deference to it. Brown v. Scioto Bd.of Commrs. (1993), 87 Ohio App.3d 704, 711.Summary judgment is proper when (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, viewed in the light most favorable to the nonmoving party, that reasonable minds can come to but one conclusion, which is adverse to the nonmoving party. Civ.R. 56(C); Zivich v. Mentor Soccer Club, Inc., 82 Ohio St.3d 367,1998-Ohio-389.
Once a moving party satisfies his or her burden of supporting the motion for summary judgment with sufficient and acceptable evidence, Civ.R. 56(E) provides that a nonmoving party may not rest upon allegations or denials of the moving party's pleadings. Rather, the nonmoving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine issue" exists to be litigated for trial. State ex rel. Zimmerman v. Tompkins,75 Ohio St.3d 447, 1996-Ohio-211. If the nonmoving party does not satisfy this reciprocal burden or fails to produce any evidence supporting an essential element of his claim, then summary judgment, if appropriate, will be granted against the nonmoving party. Civ.R. 56(E). The principal purpose for Civ.R. 56(E) is to allow the court to analyze the evidence in order to determine whether there exists an actual need for a formal trial. Ormet Primary Aluminum Corp. v. Employers Ins. of Wausau,88 Ohio St.3d 292, 2000-Ohio-330.
The Supreme Court of Ohio has held that age discrimination cases brought in state courts should be construed and decided in accordance with federal guidelines and requirements. Barker v. Scovill, Inc. (1983), 6 Ohio St.3d 146, 147. A plaintiff may establish a prima facie case of age discrimination in either of two ways. The plaintiff may provide direct evidence of discrimination or utilize the indirect method by following the standard established in McDonnell Douglas Corp. v.Green (1973), 411 U.S. 792. That analysis requires the plaintiff to demonstrate "(1) that he was a member of the statutorily-protected class, (2) that he was discharged, (3) that he was qualified for the position, and (4) that he was replaced by, or that his discharge permitted the retention of, a person not belonging to the protected class."Barker, supra, at paragraph one of the syllabus.
Once a plaintiff establishes a prima facie case, a presumption of age discrimination is created. The burden of production then shifts to the employer to come forward with evidence of a legitimate, nondiscriminatory reason for the plaintiff's discharge. Kohmescher v. Kroger Co. (1991),61 Ohio St.3d 501. If the employer articulates a nondiscriminatory reason, then the employer has successfully rebutted the presumption of discrimination created by the plaintiff's prima facie case. Weiper v.W.A. Hill Assoc. (1995), 104 Ohio App.3d 250, 263. The plaintiff then must present evidence that the employer's proffered reason was a mere pretext for unlawful discrimination. Manofsky v. Goodyear Tire RubberCo. (1990), 69 Ohio App.3d 663, 668. The plaintiff's burden is to prove that the employer's reason was false and that discrimination was the real reason for the discharge. Wagner v. Allied Steel Tractor Co. (1995),105 Ohio App.3d 611, 617. Mere conjecture that the employer's stated reason is a pretext for intentional discrimination is an insufficient basis for the denial of a summary judgment motion made by the employer. To meet his or her burden in response to such a summary judgment motion, the plaintiff must produce some evidence that the employer's proffered reasons were factually untrue. Powers v. Pinkerton, Inc., 8th Dist. No. 76333, 2001-Ohio-4119, 2001 Ohio App. LEXIS 138. The ultimate burden of a plaintiff in an age discrimination action is to prove he or she was discharged because of age. Kohmescher, supra.
In order to demonstrate qualification for a position, a plaintiff must show he or she has the capability of performing the work and that he or she is meeting the employer's legitimate expectations. Smith v. GreaterCleveland Regional Transit Auth. (May 24, 2001), 8th Dist. No. 78274, 2001 Ohio App. LEXIS 2328. In Ebright v. Video News Super Stores (July 6, 2001), 6th Dist. No. L-00-1369, 2001 Ohio App. LEXIS 3049, customers complained of a video store employee's rude behavior. He also was repeatedly late. The employee was warned that continuation of his behavior could result in termination. The employee was let go after reporting to work more than five hours after his start time. The Sixth District Court of Appeals upheld the grant of summary judgment in favor of the employer, finding that although the employee presented evidence he was capable of performing his duties as a clerk and closer, he did not meet his employer's legitimate expectations of performance of his duties because of the rudeness and tardiness.
In the instant case, ABB received complaints from three customers regarding appellant's unprofessional behavior while he was teaching training sessions, his primary job function. Appellant was warned after the first incident that any further incidents would result in disciplinary action, up to and including termination. In his deposition, appellant could not recall a customer complaining about the lack of professionalism of any other employee at ABB. ABB's legitimate expectations in appellant's qualification for his position as a technical instructor certainly included the expectation that he would conduct his training sessions in a professional manner. There is no evidence ABB received complaints about any other instructor, only appellant. The trial court did not err by finding appellant was not qualified for his position based upon the customer complaints.
Next, appellant asserts his termination allowed ABB to retain another senior technical instructor. A replacement for the purposes of Barker may occur when the duties and responsibilities of the terminated employee are transferred to another person already employed by the company. Cruz v.S. Dayton Urological Assoc., Inc. (1997), 121 Ohio App.3d 655. The employee in question was promoted to the position of senior technical instructor before appellant's termination. There is no evidence ABB desired to reduce its work force when appellant was dismissed. In his deposition, appellant stated he did not know which employees were performing the duties he formally performed at ABB. Appellant presented no evidence his dismissal permitted ABB to retain the other senior technical instructor.
Appellant failed to meet his burden of establishing a prima facie case of age discrimination because he did not show he was qualified for the position or that his dismissal permitted the retention of a employee who was not a member of the protected class. Therefore, appellant's argument that ABB's stated reason for his termination is pretextual is moot.
The trial court did not err by granting ABB's motion for summary judgment. Appellant's assignment of error is overruled. The judgment of the Lake County Court of Common Pleas is affirmed.
DONALD R. FORD, P.J., ROBERT A. NADER, J., concur.