JOURNAL ENTRY and OPINION
{¶ 1} Terry Cummings appeals from the Cuyahoga County Court of Common Pleas grant of summary judgment in favor of appellee Sears, Roebuck Company (Sears) stemming from a wrongful discharge action in violation of R.C. 4112.14 and Ohio public policy. Cummings assigns the following as error for our review:
 {¶ 2} The trial court erred in granting Defendants-Appellees' Motion For Summary Judgment as there was a Genuine Issue of Material Fact as to whether Plaintiff-Appellant Terry Cummings' termination of employment was the result of age discrimination and wrongful discharge in violation of public policy by the Defendants-Appellees.
{¶ 3} Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow.
{¶ 4} At the time of his termination, Cummings was forty-seven years of age and had worked for Sears for over twenty-nine years. Sears terminated Cummings' employment on September 23, 1997 ostensibly in response to Cummings' violating company policies involving the sale of merchandise at unauthorized prices and failing to return loaned merchandise. Cummings, however, claimed his discharge resulted from Sears' desire to rid itself of his high salary and to hire younger employees.[1]
{¶ 5} On August 24, 2001, Sears moved for summary judgment. On October 17, 2001, the trial court granted Sears' motion and entered final judgment against Cummings. This appeal followed.
{¶ 6} Although Cummings' assigned error specifically questions the trial court's grant of summary judgment based on wrongful discharge in violation of public policy, he devotes much of his argument towards a violation of R.C. 4112. Accordingly, we address both issues herein.
{¶ 7} We consider an appeal from summary judgment under a de novo standard of review.[2] Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.[3] Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can only reach one conclusion which is adverse to the nonmoving party.[4]
{¶ 8} The moving party carries an initial burden of setting forth specific facts which demonstrate his or her entitlement to summary judgment.[5] If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will only be appropriate if the nonmovant fails to establish the existence of a genuine issue of material fact.[6]
{¶ 9} Having set forth our standard of review, we now turn to the applicable law. It is an unlawful discriminatory practice [f]or any employer, because of the race, color, religion, sex, national origin, handicap, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.[7]
{¶ 10} Further, No employer shall discriminate in any job opening against any applicant or discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee.[8]
{¶ 11} We generally apply federal case law interpreting Title VII of the Civil Rights Act of 1964 to cases involving alleged violations of R.C. 4112.[9] In McDonnell Douglas Corp. v. Green,[10] the United States Supreme Court established a flexible formula to ferret out impermissible discrimination in the hiring, firing, promoting, and demoting of employees.[11] We adopt this formula to fit the specific circumstances of each case.[12]
{¶ 12} Initially, we look to whether the plaintiff set forth a prima facie case of discrimination. As set forth in Barker v. Scovill, Inc.,[13] the plaintiff must demonstrate he or she: (1) belonged to a protected class, (2) was discharged, (3) possessed the necessary qualifications for the job, and (4) he or she was replaced by, or the discharge permitted the retention of, a person from outside the protected class.[14]
{¶ 13} Once the plaintiff establishes a prima facie case of discrimination, a presumption of unlawful discrimination arises.[15]
The burden then shifts to the employer to set forth a legitimate, nondiscriminatory reason for discharging the plaintiff.[16]
{¶ 14} Finally the plaintiff must counter with proof that the employer's reasons were pretextual or, in other words, simply not worthy of credence.[17] Despite these shifting burdens, the burden of proving unlawful discrimination ultimately rests with the plaintiff.
{¶ 15} In its motion for summary judgment, Sears did not challenge whether Cummings established a prima facie case of age discrimination. Nevertheless, our review of the record reveals he satisfied the requisite elements. Sears terminated Cummings on September 23, 1997 at which time he was forty-seven years of age, and thus a member of the protected class of persons aged forty and above. Cummings set forth facts which demonstrate he performed his job adequately for several years, and received satisfactory reviews from his supervisors, thus establishing his qualification to maintain his position. Finally, Cummings, via the deposition of Joann Stolar, a department manager at the Sears store where Cummings worked, presented evidence that he was replaced by employees younger than those in the protected class. These facts, unrebutted by Sears, establish a prima facie case of age discrimination.
{¶ 16} The burden now shifts to the employer to set forth a legitimate, nondiscriminatory reason for terminating the plaintiff.[18]
During the investigation of Allan Kanieski, a Sears employee, for the improper sale and return of store merchandise, Joe Duganiero, a Sears Manager of Asset Protection, discovered Cummings committed four violations of Sears company policy. Sears relies upon these violations as grounds for terminating Cummings.
{¶ 17} The first two violations involved Cummings retaining loaned merchandise beyond their return date. On March 15, 1997, Cummings properly borrowed a chain saw and a leaf blower from Sears for a period of two weeks; however, Cummings failed to return the chain saw until May 14, 1997, and failed to return the leaf blower until August 10, 1997.
{¶ 18} The next two violations involved Cummings selling merchandise to Kanieski at prices well below their supposed values. On May 13, 1997, Cummings authorized the sale of returned patio furniture to Kanieski for $30 two days after the original customer returned this merchandise to Sears. The furniture originally sold for $420.99. On May 19, 1997, Cummings manually reduced the price of a returned lawnmower and, moments later, sold the item to Kanieski for $79.99. The lawnmower was originally sold for $159.99, and had been in stock less than one day prior to resale to Kanieski.
{¶ 19} According to Duganiero, merchandise returned by a customer is classified 991, and is automatically reduced in price by twenty percent. Additional price reductions are then considered after seven to ten days elapse from the date of return. Cummings' price reductions far in excess of twenty percent and less than a day or two after their return violated Sears' company policy. Further, Duganiero stated that these transactions created the appearance of impropriety because the drastically reduced prices were not offered to the general public before being offered to a fellow employee.
{¶ 20} In setting forth these violations of company policies, Sears overcame its burden of demonstrating legitimate, nondiscriminatory reasons for terminating Cummings. We now look to whether Cummings countered with proof that Sears' reasons were pretextual, or simply not worthy of credence.
{¶ 21} Cummings did not deny he improperly retained the chain saw and leaf blower beyond their due date; he simply offered the excuse that he forgot them in his garage. As to the sales of 991 merchandise to Kanieski, Cummings defended on grounds that he believed he held authority to reduce the prices despite the 991 policy. Cummings did not rebut that he sold the 991 merchandise to Kanieski at reduced prices or any other facts surrounding the transactions. Rather, Cummings argues he did nothing other employees have not done.
{¶ 22} While a legal basis exists for finding discrimination based on dissimilar treatment of employees, such other employees must be similarly situated to the plaintiff in all respects.[19] To establish the proper comparison, the plaintiff must demonstrate he and the other employees have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.[20]
{¶ 23} Cummings cited two examples of sales to fellow employees at considerably reduced prices, but failed to demonstrate these employees were similarly situated to himself. In the first example, the manager authorized the reduced price sales; in the second example, the sale took place at a different store and under the watch of a different manager than Cummings'. Thus, Cummings failed to demonstrate a similarly situated employee was treated differently than he.
{¶ 24} Cummings also posits his termination resulted from his superiors' attempt to foster a younger and more playful environment. In support, Cummings attached his own affidavit and the deposed testimony of a former Sears co-worker to his brief in opposition to summary judgment. Nonetheless, these exhibits only allege Cummings was replaced by a younger employee; no evidence exists to substantiate Cummings' termination was motivated by discriminatory intent. Cummings' allegations fail to demonstrate that Sears' legitimate, non-discriminatory reasons for terminating Cummings were pretextual or simply not worthy of credence. Accordingly, Cummings failed to establish Sears violated R.C. 4112.
{¶ 25} We now turn to whether Sears violated public policy in terminating Cummings' employment. A claim for wrongful discharge in violation of public policy exists if the plaintiff can demonstrate (1) the existence of a clear public policy manifested in a state or federal constitution, statute or administrative regulation, or in common law; (2) the employee's termination would jeopardize that public policy; (3) the employee's termination was motivated by conduct related to that public policy; and (4) the employer lacked an overriding legitimate business justification.[21]
{¶ 26} Although the public policy against terminating employees based upon age related discrimination is manifest in R.C. 4112, Cummings did not establish any other element of the tort. The record does not demonstrate that Cummings' termination would jeopardize public policy disfavoring age related discrimination or that Sears' underlying motivation was related to such public policy. Finally, Cummings admitted violating company policies on several occasions, thus providing Sears with an overriding legitimate business justification for terminating his employment. Accordingly, Cummings failed to establish that Sears violated public policy.
{¶ 27} For the foregoing reasons, we conclude the trial court did not err in granting Sears' motion for summary judgment. Accordingly, Cummings' assigned error is without merit.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., and COLLEEN CONWAY COONEY, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] In addition to claiming Sears violated R.C. 4112.14, Cummings originally complained Sears violated R.C. 4112.99 and that Thomas Stewart, his superior, fraudulently misrepresented himself to Cummings. Further, Cummings' wife, Barbara Cummings, filed a loss of consortium claim against Sears. The trial court dismissed the R.C. 4112.99 claim because Cummings filed it outside the permitted statute of limitations. Cummings dismissed his fraud claim in his response to Sears' motion for summary judgment. Barbara Cummings dismissed her loss of consortium claim following Sears' motion to dismiss.
[2] Baiko v. Mays (2000), 140 Ohio App.3d 1, citing Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35; Northeast Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs. (1997), 121 Ohio App.3d 188.
[3] Id., citing Brown v. Sciotio Bd. Of Commrs. (1993),87 Ohio App.3d 704.
[4] Temple v. Wean United, Inc. (1997), 50 Ohio St.2d 317, 327.
[5] Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107.
[6] Id. at 293.
[7] R.C. 4112.02(A).
[8] R.C. 4112.14(A).
[9] Plumbers Steamfitters Joint Apprenticeship Commt. v. Ohio Civ. Rights Comm. (1981), 66 Ohio St.2d 192.
[10] (1973) 411 U.S. 792.
[11] Plumbers Steamfitters Joint Apprenticeship Commt., supra at 197.
[12] McDonnell Douglas Corp. v Green (1973), 411 U.S. 792, 802, n. 13 (The facts necessarily will vary in [employment discrimination] cases, and the specification above the prima facie proof required from respondent is not necessarily applicable in every respect to differing factual situations.).
[13] (1983), 6 Ohio St.3d 146.
[14] Id. at paragraph one of the syllabus.
[15] Sheridan v. Drs. Alperin Ruch, D.D.S., Inc. (Dec. 20, 1997), Cuyahoga App. No. 70813, citing St. Mary's Honor Ctr. v. Hicks (1993), 509 U.S. 502, 506.
[16] Sheridan at 6; McDonnell-Douglas Corp. at 802.
[17] Sheridan at 6-7, citing Barker v. Scovill, Inc. (1983),6 Ohio St.3d 146, 148 and Wagner v. Allied Steel Tractor Co. (1995), 105 Ohio App.3d 611; Texas Dept. of Community Affairs v. Burdine (1981), 450 U.S. 248.
[18] Sheridan at 6; McDonnell-Douglas Corp. at 802.
[19] Mitchell v. Toledo Hosp. (C.A.6, 1992), 964 F.2d 577.
[20] Id.
[21] Collins v. Rizkana (1995), 73 Ohio St.3d 65.