OPINION
{¶ 1} Appellant James Thompson appeals the decision of the Court of Common Pleas, Tuscarawas County, which granted summary judgment to Appellees Dover Elks, et al., regarding appellant's complaint alleging sex discrimination in employment and wrongful discharge.
 STATEMENT OF THE FACTS AND CASE {¶ 2} In 1982, Appellant was hired by the Dover Elks Lodge. Appellant worked as cook in the Lodge Grill Room for 10 years.
 {¶ 3} In 1992, Appellant was promoted to Grill Room Manager. Appellant's duties as Grill Room Manager included, inter alia, supervising employees under his charge including barmaids and a janitor.
 {¶ 4} In February, 1999, the Dover Elks Lodge Trustees voted unanimously to terminate Appellant, basing their decision on incidents of intoxication, insubordination and misconduct in dealing with subordinate employees. The termination notice stated that the Trustees had lost confidence in Appellant's ability to manage the business of the Grill Room without generating conflict among the members, trustees and employees.
 {¶ 5} Appellant would drink at the Lodge bar after his shift and become intoxicated. On one occasion, Appellant crashed his car into the Dover Police Department Building located adjacent to the Lodge.
 {¶ 6} The Trustees also received complaints concerning Appellant making lewd remarks toward the barmaids. One of the trustees witnessed appellant proposition a barmaid for oral sex.
 {¶ 7} Appellant was also the subject of a sexual harassment complaint by another barmaid. While denying same, Appellant admitted that he engaged in a sexual relationship with said barmaid which continued for approximately one year.
 {¶ 8} Appellant filed a Complaint with the Tuscarawas County Court of Common Peas alleging sexual discrimination in employment and wrongful discharge in violation of public policy.
 {¶ 9} On September 26, 2001, Appellees filed a Motion for Summary Judgment on the issues contained in Appellant's complaint.
 {¶ 10} On February 13, 2002, the trial court granted Appellee's Motion for Summary Judgment and dismissed Appellant's complaint.
 {¶ 11} Appellant filed a notice of appeal therefrom and herein raises the following sole Assignment of Error:
ASSIGNMENT OF ERROR
 {¶ 12} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT."
 I. {¶ 13} In his sole Assignment of Error, appellant contends that the trial court erred in granting summary judgment in favor of appellees. We disagree.
 {¶ 14} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part: Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
 {¶ 15} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997),77 Ohio St.3d 421, 429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280.
 {¶ 16} Appellant contends that he was unlawfully discriminated against based on his gender, in violation of R.C. §§ 4112.02. Generally, in order to establish a prima facie case of employment discrimination, the employee must prove: (1) that he was a member in a protected class; (2) that he was discharged from his job by the employer; (3) that he was qualified for the position; and (4) that he was replaced by a person who did not belong to the protected class. McDonnell DouglasCorp. v. Green (1973), 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668. However, in cases involving reverse gender discrimination, courts have modified the McDonnell standard to enable plaintiffs who are members of a dominant group to prove a prima facie case of discrimination. To show reverse discrimination and to avoid a summary judgment, the plaintiff must establish a prima facie case by showing: (1) background circumstances supporting the suspicion that the defendant is the unusual employer who discriminates against the majority; and (2) that the employer treated employees who were similarly situated, but not members of the protected group, more favorably. Murrav v. Thistledown RacingClub, Inc. (C.A.6, 1985), 770 F.2d 63, 67.
 {¶ 17} In the case at bar, Appellant failed to put forth any evidence that Appellee Dover Elks Lodge is the unusual employer who discriminates against the majority, i.e. males.
 {¶ 18} Furthermore, while Appellant's former duties were temporarily assigned and distributed among current employees who were in fact female, Appellant's position was ultimately filled by a man. InBarnes v. GenCorp (C.A.6, 1990), 896 F.2d 1457, the court held that an employee is not replaced when his duties are distributed among existing employees already performing related work. Wagner v. Allied Steel andTractor Co. (1995) 105 Ohio App.3d 611.
 {¶ 19} Additionally, assuming arguendo that appellant had established a prima facie case of reverse discrimination, if an employer presents a legitimate, nondiscriminatory reason for an employee's discharge after the employee makes prima facie case of discrimination, the employee must show that employer's reason for discharge is pretextual. Id.
 {¶ 20} Appellee advanced legitimate nondiscriminatory reasons for firing employee, thereby rebutting Appellant-employee's discrimination claim.
 {¶ 21} This Court finds that the plaintiff failed to establish a prima facie case of reverse gender discrimination pursuant to theMcDonnell standard, as modified for reverse discrimination. Therefore, Appellees were entitled to summary judgment on the claim of gender discrimination.
 {¶ 22} The sole Assignment of Error is overruled.
 {¶ 23} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby affirmed.
By: Boggins, J., Hoffman, P.J., and Edwards, J., concur.
Topic: Summary Judgment.