OPINION
{¶ 1} This matter comes for consideration upon the record in the trial court and the parties' briefs. Appellant Dorothy Conway appeals the decision of the Mahoning County Court of Common Pleas summarily dismissing her claim of age discrimination in favor of Appellee Paisley House a.k.a Home for Aged Women. Because Conway failed to either make out a prima facie case of age discrimination or rebut Appellee's non-discriminatory reasons for terminating her employment, we conclude the trial court properly granted summary judgment in the Home's favor.
 Facts and Standard of Review {¶ 2} On May 11, 1984, Conway began her employment as a cook at the Home. She continued working there until February 20, 2000 when she was either terminated or forced to retire. Conway claimed in her deposition that her work record was constant and she had been rated by her employer for the period of July 1999 to July 2000 as "good". Conway further testified her employer stated that she wanted younger people in the kitchen and in fact replaced Conway with a younger employee.
 {¶ 3} Audean Patterson, the Executive Director of the Home, was responsible for the decision to terminate Conway's employment. Patterson testified it was poor work performance which led to Conway's termination. Although Patterson viewed Conway's termination as a voluntary resignation, Conway believed her situation to be "either resign or get fired." A short time after Conway's resignation, Patterson replaced Conway. Admittedly, Conway testified her replacement, Winnie Hill, was in her late 60's or early 70's.
 {¶ 4} Conway filed a complaint alleging age discrimination and defamation. The Home filed a motion for summary judgment which was granted by the trial court. It is from that decision Conway now appeals.
 {¶ 5} We review an appeal from summary judgment under a de novo standard of review. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711, 622 N.E.2d 1153, Dupler v. Mansfield JournalCo. (1980), 64 Ohio St.2d 116, 413 N.E.2d 1187. We afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. Weiper v. W.A. Hill Assoc. (1995), 104 Ohio App.3d 250, 661 N.E.2d 796; Brown v. SciotoCty. Bd. of Commrs., 87 Ohio App.3d 704, 622 N.E.2d 1153. Under Civ.R. 56, summary judgment is appropriate when (1) no genuine issue as to any material fact exists; (2) the party moving for summary judgment is entitled to judgment as a matter of law; and, (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion which is adverse to the nonmoving party. Holliman v.Allstate Ins. Co. (1999), 86 Ohio St.3d 414, 715 N.E.2d 532; Temple v.Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 364 N.E.2d 267. Civ.R. 56 places upon the moving party the initial burden of setting forth specific facts that demonstrate no issue of material fact exists and the moving party is entitled to judgment as a matter of law. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274. If the movant fails to meet this burden, summary judgment is not appropriate. Id. If the movant meets this burden, summary judgment will only be appropriate if the nonmovant fails to establish the existence of a genuine issue of material fact. Id.
 {¶ 6} As Conway's sole assignment of error, she claims:
 {¶ 7} "The court erred in granting summary judgment."
 {¶ 8} Under Ohio law, a plaintiff may make a prima facie case of age discrimination in one of two ways. First, a plaintiff may use direct evidence of age discrimination which tends to show by a preponderance that the employer was motivated by discriminatory intent in discharging the employee. Mauzy v. Kelly Services, Inc. (1996), 75 Ohio St.3d 578,664 N.E.2d 1272. Second, a plaintiff may use indirect evidence by satisfying the four-part analysis provided by Barker v. Scovill (1983),6 Ohio St.3d 146, 451 N.E.2d 807, which stems from the United States Supreme Court's decision in McDonnell Douglas Corp. v. Green (1973),411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668. A defendant-employer may then overcome the presumption inherent in the prima facie case by propounding a legitimate, nondiscriminatory reason for the plaintiff's discharge. Id. Finally, the plaintiff must be allowed to show that the rationale set forth by the employer was only a pretext for unlawful discrimination. Id.
 {¶ 9} Conway argues the trial court erred in granting summary judgment because she established a prima facie case of age discrimination even though her employer claimed she was terminated for poor work performance. It is her position that these conflicting positions cannot be resolved by a summary judgment but only by trial. Thus, to begin our analysis in reviewing whether summary judgment was appropriate, we must first determine whether Conway has made a prima facie case of age discrimination before we need to reach the question of whether the Home can express a legitimate non-discriminatory reason for her discharge. Because Conway can make a prima facie case via direct or indirect evidence we will first determine whether she has established age discrimination via indirect evidence.
 Indirect Evidence of Age Discrimination {¶ 10} The Barker analysis requires a plaintiff to show that (1) the employee belonged to a statutorily protected class, (2) the employer discharged the employee, (3) the employee was qualified for the position from which discharged, and, (4) the employee was replaced by, or the discharge permitted the retention of, a person not belonging to the statutorily protected class. Barker, paragraph one of the syllabus.
 {¶ 11} "This indirect method of establishing a prima facie case mirrored the indirect method used in federal cases until the advent ofO'Connor v. Consolidated Coin Caterers Corp. (1996), 517 U.S. 308,116 S.Ct. 1307, 134 L.Ed.2d 433. In that case, the United States Supreme Court altered the fourth element of the McDonnell Douglas Corp. prima facie case test as applied to Age Discrimination in Employment Act ("ADEA") claims. Rather than requiring a plaintiff to show that he was replaced by someone outside of the protected class, federal courts now require a plaintiff allegedly dismissed because of his age to show that his replacement is `substantially younger.' Id. at 313." Coryell v. BankOne Trust, Co. (Aug. 29, 2002), 10th Dist. No. 02 AP-191 at ¶ 15.
 {¶ 12} We acknowledge there is some question as to what standard should be applied to state claims, either O'Connor or Barker. In fact, the Ohio Supreme Court will soon be deciding a case which will resolve that matter. Weller v. Titanium Metals Corp., 98 Ohio St.3d 1535,2003-Ohio-1946. However, we do not feel it necessary to delay deciding the matter before us since the result in this case would be the same under either test. If we apply the Barker test, in order for Conway to make a prima facie case, she was required to prove that she was replaced by someone outside of the protected class; i.e. a person under forty years of age. Conway clearly failed to meet this burden as she admitted that her replacement was somewhere in her sixties or early seventies. In the alternative, if we apply the O'Connor test to her state claims in addition to her federal claim, Conway was required to prove that her replacement was "substantially younger".
 {¶ 13} The court in O'Connor did not define the term "substantially younger." However, at least one federal court has defined the term as "ten years or more." Scott v. Parkview Memorial Hosp. (C.A. 7 1999), 175 F.3d 523, 525, citing Miller v. Borden, Inc. (C.A. 7, 1999),168 F.3d 308, 313 and Hartley v. Wisconsin Bell, Inc. (C.A. 7, 1997),124 F.3d 887, 892-893. Additionally, the Tenth District has repeatedly held that, where a plaintiff was replaced by an individual who was less than ten years older than the plaintiff, there was not a sufficient disparity in age to establish a prima facie case. See Swiggum v.Ameritech Corp (Sept. 30, 1999), 10th Dist. Nos. 98AP-1031, 98AP-1040 at 9. See also Coryell v. Bank One Trust Co. (Aug. 29, 2002), 10th Dist. No. 02AP-191.
 {¶ 14} In the present case, Conway was seventy-five years old. Although her motion in opposition to summary judgment merely claims her replacement was younger, she more specifically testified in her deposition that the replacement was in her late sixties or early seventies. Under these particular facts Conway could not make a prima facie showing under the federal standard set out in O'Connor. However, this does not conclude our analysis. We must next focus our attention on Conway's direct evidence of age discrimination.
 Direct Evidence of Age Discrimination {¶ 15} If a plaintiff has failed to make a prima facie case through indirect evidence, discriminatory intent may also be established by direct evidence of age discrimination, which is evidence other than the four-part demonstration of Barker. Kohmescher v. Kroger Co. (1991),61 Ohio St.3d 501, 575 N.E.2d 439. A plaintiff may establish a prima facie case by presenting evidence, of any nature, to show that an employer more likely than not was motivated by discriminatory intent.Mauzy, 75 Ohio St.3d 578, 664 N.E.2d 1272, paragraph one of the syllabus. In the present case, Conway presented direct evidence through her own affidavit that Patterson, the Home's Executive Director, "stated directly to me that she wanted younger people in the kitchen."
 {¶ 16} In Byrnes v. LCI Communication Holdings Co. (1996),77 Ohio St.3d 125, 672 N.E.2d 145, 1996-Ohio-307, the Ohio Supreme Court was presented with a similar factual scenario involving discriminatory statements made by an employer. The court stated:
 {¶ 17} "The ultimate inquiry in an age discrimination case is whether a plaintiff-employee was discharged on account of age. Kohmescherv. Kroger Co. (1991), 61 Ohio St.3d 501, 505, 575 N.E.2d 439, 442. Age-related comments referring directly to the worker may support an inference of age discrimination. However, comments which are isolated, ambiguous or abstract, or made in reference to totally unrelated employee categories cannot support a finding of age discrimination against employees in a wholly different classification. See Phelps v. YaleSecurity, Inc. (C.A. 6, 1993), 986 F.2d 1020, 1025. There must be a link or nexus between the discriminatory statement or conduct and the prohibited act of discrimination to establish a violation of the statute." Id. at 130.
 {¶ 18} The Ohio Supreme Court found that an isolated comment by an employer suggesting one of the plaintiffs might have Alzheimer's disease was more likely than not a joke made in poor taste. However "insensitive and intemperate these remarks were", the court found they were not tied in time or fact to the plaintiff's terminations. Consequently, the court found they were simply insufficient to support the jury's findings that these particular plaintiffs were discharged on account of their age. The Ohio Supreme Court reiterated:
 {¶ 19} "Absent some causal connection or link between an employer's discriminatory statements or conduct and a plaintiff-employee, there is no permissible inference that the employer was motivated by discriminatory animus to act against the plaintiff-employee. The mere fact that an employer may have discriminated against other employees, standing alone, is insufficient. The issue is whether this employee was discharged because of his age. The evidence here clearly does not support such a causal link or nexus." Id. at 130.
 {¶ 20} In Tessmer v. Nationwide Life Ins. Co (Sept. 30, 1999), 10th Dist. No. 98AP-1278, a case with facts much more analogous to those in this case, the Tenth District further expounded on the principles set out in Byrnes:
 {¶ 21} "In analyzing discriminatory comments, courts should consider whether the comments were made by a decision maker or by an agent within the scope of his or her employment, whether the comments were related to the decision making process and whether the comments were proximate in time to the act of discrimination. Cooley v. CarmikeCinemas, Inc. (C.A. 6, 1994), 25 F.3d 1325, 1330. Discriminatory comments directed at or relating to the plaintiff have not been found to be vague, ambiguous or isolated and have been found to be sufficient, direct evidence in a discrimination case. See, e.g., Mauzy, at 590,664 N.E.2d 1272 (indicating that because an employer's age related comments were directed at the plaintiff, the comments could be used as direct evidence in plaintiff's discrimination case); see, also, Gismondi
(Bowman, J., dissenting) (indicating that age related comments specifically referring to the plaintiff should have been permitted as direct evidence in the discrimination case)." Id. at 5.
 {¶ 22} In Tessmer, the defendant made the alleged discriminatory statements when she was in a position to have influence over employment decisions concerning her division. The comments were directed at the plaintiff/appellant and related to defendant's decision to remove her from her position as service manager. Additionally, the comments were made around the time that the defendant removed appellant from her position as service manager and hired a new service manager. Thus, the Tessmer court concluded the statements established that the defendant's actions were more likely than not motivated by discriminatory intent and constituted direct evidence in that case. Id. at 6.
 {¶ 23} Here, Conway presented evidence of a discriminatory comment made to her by a person authorized to terminate her employment. Notably, Patterson allegedly made the comment on the day she asked Conway to retire in January of 2000. Because this is summary judgment, we must view the facts in the light most favorable to Conway. By this standard, the statement is enough direct evidence to support an inference of age discrimination.
 Employer Rebuttal Evidence {¶ 24} However, once a plaintiff establishes a prima facie case of age discrimination, the burden of production then shifts to the employer to come forward with evidence of a legitimate, nondiscriminatory reason for the plaintiff's discharge. Kohmescher v. Kroger Co. (1991),61 Ohio St.3d 501, 575 N.E.2d 439. If the employer articulates a nondiscriminatory reason, then the employer has successfully rebutted the presumption of discrimination created by the plaintiff's prima facie case. Weiper v. W.A. Hill Assoc. (1995), 104 Ohio App.3d 250, 263,661 N.E.2d 796. The plaintiff then must present evidence that the employer's proffered reason was a mere pretext for unlawful discrimination. Manofsky v. Goodyear Tire Rubber Co. (1990),69 Ohio App.3d 663, 668, 591 N.E.2d 752. The plaintiff's burden is to prove that the employer's reason was false and that discrimination was the real reason for the discharge. Wagner v. Allied Steel Tractor Co. (1995), 105 Ohio App.3d 611, 617, 664 N.E.2d 987. The ultimate burden of a plaintiff in an age discrimination action is to prove he or she was discharged because of age. Kohmescher.
 {¶ 25} Here, the Home presented Patterson's affidavit which stated: "during the final months of Plaintiff's employment with the Home for Aged Women, her job performance began to steadily decline, to wit: Plaintiff would overcook or undercook food, use profanity in front of residents and guests, fail to wear gloves while preparing food, fail to follow other health/sanitary regulations, complain about her job in front of residents, and often arrive at work poorly groomed."
 {¶ 26} In response to this rebuttal, Conway offered her employee performance evaluation from July of 2000 which lists her overall rating as being "good". However, this evaluation also indicates that there were areas where Conway needed to improve including "Quantity of Work" and "Quality of Work." In addition, Conway attached her own affidavit where she states that "the only criticisms contained in my work file have been since May of 1999 by Audean Patterson which are either inaccurate or untrue." Conway further states that "Audean Patterson stated directly to me that she wanted younger people in the kitchen."
 {¶ 27} The Home filed a second motion for summary judgment to which they attached, among other things, the deposition of Patterson and, more importantly, the deposition of Conway. In that deposition, when Conway was asked why she thought she was being asked to leave, she responded, "I didn't know". Later, the following dialogue took place:
 {¶ 28} Q: And at no time from the time she told you until the time you left Paisley House did you ever talk to Mrs. Patterson and ask her why you were being asked to leave?"
 {¶ 29} A: No, because personally, I thought maybe it was my age.
 {¶ 30} Q: Tell me why you thought that Mrs. Conway.
 {¶ 31} A: Well, I just thought that they were — after so old, they just didn't want you working anymore. That's all I could think of.
 {¶ 32} Q: Can you tell me why you thought that? Was there anything that you remember that the people at Paisley House did to make you think that?
 {¶ 33} A: No, it was nothing that they did, `cause I done my job, I got along with all of them, even helped some of them on their work. I couldn't think why I thought that, but I think it was because of a lot of other places, when you came a certain age, you were asked to leave.
 {¶ 34} Q: Mrs. Patterson never told you that, did she?
 {¶ 35} A: No.
 {¶ 36} Finally, in her deposition, Conway testified as she did in her affidavit, that Patterson expressed her desire to get a younger group of people in the kitchen. However, Conway then admitted that most of the employees at the home were "well over 40."
 {¶ 37} Construing this evidence in a light most favorable to Conway, in light of the entire record, we find no reasonable trier of fact could conclude that Conway was terminated based upon her age. For example, Conway was replaced by a woman in her late sixties or early seventies; Conway had a record of uncleanliness and rudeness; and the majority of people employed by the Home were "well over 40". Most importantly, Conway simply did not present any evidence that the Home's proffered reason for her termination was a mere pretext for unlawful discrimination. Thus, the trial court properly granted summary judgment in favor of the Home.
 {¶ 38} Accordingly, Conway's sole assignment of error is meritless and the judgment of the trial court is affirmed.
Waite, P. J., concurs.
Vukovich, J., concurs.